IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

MARIA RICO,

          Plaintiff,

    vs.

JBS USA, LLC,

          Defendant.

8:13CV58

ORDER

      This matter is before the court on the defendant's Motion to Compel Discovery (Filing No. 13). In support of the motion, the defendant filed the proposed discovery requests and a letter. **See** Filing No. 13. The plaintiff did not respond.

      On January 18, 2013, the plaintiff filed a lawsuit against the defendant in the District Court of Hall County, Nebraska. **See** Filing No. 1-1. The plaintiff's claims arise from a September 16, 2010, injury she sustained through her employment with the defendant and her August 19, 2011, termination. *Id.* On February 21, 2013, the defendant removed the action to the United States District Court for the District of Nebraska. **See** Filing No. 1. On April 23, 2013, the court entered an initial progression order allowing the parties to begin discovery. **See** Filing No. 9. The court gave the parties until May 17, 2013, to exchange mandatory initial discovery pursuant to Federal Rule of Civil Procedure 26(a)(1). The defendant served the plaintiff with Interrogatories and Request for Production of Documents on July 23, 2013. **See** Filing No. 11. On September 4, 2013, the defendant's counsel wrote a letter to the plaintiff's counsel requesting production of the mandatory initial discovery and responses to the defendant's written requests. **See** Filing No. 13-3. Counsel for the defendant states he also conferred with the plaintiff's counsel by telephone in an attempt to obtain the requested discovery. **See** Filing No. 3 - Motion ¶ 3.

      On September 25, 2013, the defendant filed the motion to compel discovery responses. **See** Filing No. 13 - Motion. Subsequently, the plaintiff's attorney sought leave to withdraw. **See** Filing No. 14. The plaintiff's counsel stated, the plaintiff instructed him to "drop the case." *Id.* The plaintiff did not respond to the motion to withdraw, which was granted on December 17, 2013. **See** Filing No. 21. The court

allowed the plaintiff, then proceeding pro se, an opportunity to respond to the motion to compel by January 17, 2013. *Id.* The plaintiff did not file a response. The court notes no certificates of service for answers or responses have been filed with the court to date. **See** NECivR 33.1 and 34.1.

The Federal Rules of Civil Procedure permit a party to seek discovery related to another parties' claims in a lawsuit. **See** Fed. R. Civ. P. 26. Specifically, each party is required to identify information about any individuals and documents that may be used to support her claim. **See** Fed. R. Civ. P. 26(a)(1). These mandatory initial disclosures are to be provided to the opposing party without waiting for a discovery request. *Id.* Additionally, a party may serve written questions and requests for production of documents. **See** Fed. R. Civ. P. 33 and 34. The federal rules require the party receiving the requests to provide objections or responses within thirty days of service. *Id.*

The plaintiff has provided the court with no explanation for the delinquent discovery responses, or good cause for excuse from waiver. Accordingly, the plaintiff shall provide interrogatory responses without objection and shall produce the requested documents. Furthermore, the plaintiff shall show cause why sanctions should not be imposed pursuant to Fed. R. Civ. P. 37(a).

Federal Rule Civil Procedure 37(a)(5)(A) provides:

> If the motion [to compel] is granted . . . the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

The court will not enter an award of reasonable fees if the opposing party's nondisclosure was substantially justified or other circumstances make an award of expenses unjust. **See** Fed. R. Civ. P. 37(a)(5)(a)(i)-(iii).

The plaintiff's failure to provide discovery responses required the defendant to file a motion to compel. The court shall, after the plaintiff has a chance to respond, grant the defendant reasonable expenses for filing such motion, unless the plaintiff shows substantial justification for the failure to provide discovery responses or other

circumstances make an award of expenses unjust. **See** Fed. R. Civ. P. 37(a)(5). Upon consideration,

**IT IS ORDERED**:

1. The defendant's Motion to Compel Discovery (Filing No. 13) is granted.

2. The plaintiff shall have to **on or before February 21, 2014**, in which to produce initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1), and respond to the defendant's Interrogatories, without objections, and Request for Production, and to file certification of the production pursuant to NECivR 26.1, 33.1, and 34.1.

3. The plaintiff shall have to **on or before February 21, 2014**, to show cause why the defendant should not be awarded reasonable costs and attorney's fees incurred in bringing this motion to compel, in accordance with Fed. R. Civ. P. 37(a), including involuntary dismissal of the plaintiff's claims.

4. In the alternative to participating in discovery, the plaintiff may, as appears consistent with her instructions to her former attorney, notify the Clerk of Court in writing of her intention to voluntarily withdraw the lawsuit.

**ADMONITION**

Pursuant to NECivR 72.2 any objection to this Order shall be filed with the Clerk of the Court within fourteen (14) days after being served with a copy of this Order. Failure to timely object may constitute a waiver of any objection. The brief in support of any objection shall be filed at the time of filing such objection. Failure to file a brief in support of any objection may be deemed an abandonment of the objection.

Dated this 21st day of January, 2014.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge