IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MARIA RICO,<br><br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>JBS USA, LLC,<br><br>　　　　　　Defendant. | 8:13CV58<br><br>FINDINGS AND RECOMMENDATION |

　　　　This matter is before the court on the defendant's Motion for Sanctions and Expenses (Filing No. 23). The defendant filed a brief (Filing No. 24) in support of the motion. The defendant seeks dismissal of the plaintiff's lawsuit and an award of expenses associated with the plaintiff's failure to comply with discovery obligations including the court's January 21, 2014, Order (Filing No. 22) granting the defendant's Motion to Compel Discovery (Filing No. 13). The plaintiff did not respond to the defendant's Motion for Sanctions and Expenses.

　　　　On January 18, 2013, the plaintiff filed a lawsuit against the defendant in the District Court of Hall County, Nebraska. **See** Filing No. 1-1. The plaintiff's claims arise from a September 16, 2010, injury she sustained through her employment with the defendant and her August 19, 2011, termination. *Id.* On February 21, 2013, the defendant removed the action to the United States District Court for the District of Nebraska. **See** Filing No. 1. On April 23, 2013, the court entered an initial progression order allowing the parties to begin discovery. **See** Filing No. 9. The court gave the parties until May 17, 2013, to exchange mandatory initial discovery pursuant to Federal Rule of Civil Procedure 26(a)(1). The defendant served the plaintiff with Interrogatories and Request for Production of Documents on July 23, 2013. **See** Filing No. 11. On September 4, 2013, the defendant's counsel wrote a letter to the plaintiff's counsel requesting production of the mandatory initial discovery and responses to the defendant's written requests. **See** Filing No. 13-3. Counsel for the defendant states he also conferred with the plaintiff's counsel by telephone in an attempt to obtain the requested discovery. **See** Filing No. 13 - Motion ¶ 3.

On September 25, 2013, the defendant filed the motion to compel discovery responses. Subsequently, the plaintiff's attorney sought leave to withdraw. **See** Filing No. 14. The plaintiff's counsel stated the plaintiff instructed him to "drop the case." **Id.** The plaintiff did not respond to the motion to withdraw, which was granted on December 17, 2013. **See** Filing No. 21. The court allowed the plaintiff, then proceeding pro se, an opportunity to respond to the motion to compel by January 17, 2013. **Id.** The plaintiff did not file a response. The court noted no certificates of service for answers or responses had been filed. **See** NECivR 33.1 and 34.1. On January 21, 2014, the court granted the defendant's motion to compel the plaintiff to provide the mandatory initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1), and respond to the defendant's Interrogatories, without objections, and Request for Production. **See** Filing No. 22. In addition, the court required the plaintiff to show cause by February 21, 2014, why the defendant should not be awarded reasonable costs and attorney's fees incurred in bringing the motion to compel. The court warned the plaintiff that failure to comply with the court's order may result in monetary and other sanctions to include involuntary dismissal of the plaintiff's claims, in accordance with Fed. R. Civ. P. 37(a).

The plaintiff provided the court with no explanation for the delinquent discovery responses, nor has the plaintiff had any contact with the court at all. The plaintiff's failure to provide discovery responses required the defendant to file a motion to compel. The defendant's counsel worked with the plaintiff's counsel until his withdrawal and has since attempted to make contact with the pro se plaintiff to resolve the outstanding discovery. The plaintiff did not respond to the defendant's counsel and has not responded to the court. Accordingly, the court finds the plaintiff is subject to sanctions pursuant to Fed. R. Civ. P. 37(a) and (b).

Under the circumstances, the court finds the plaintiff's action should be dismissed. The plaintiff's conduct in failing to provide discovery subjects the plaintiff to payment of the defendant's reasonable expenses in attempting to obtain the discovery, including the cost and expenses of filing the motion to compel. **See** Fed. R. Civ. P. 37(a)(5)(A). The court finds an award of expenses would be unjust, where, as here, the court finds a more severe sanction is appropriate. The court finds the plaintiff's action should be dismissed without prejudice but with a condition she pay the defendant's

attorneys' fees and costs associated with the discovery dispute before being allowed to pursue this lawsuit or another lawsuit against the defendant.  **See, e.g., Belle-Midwest, Inc. v. Missouri Prop. & Cas. Ins. Guarantee Ass'n**, 56 F.3d 977, 978-79 (8th Cir. 1995); **Paulucci v. City of Duluth**, 826 F.2d 780, 782 (8th Cir. 1987).

The plaintiff's conduct in failing to obey a discovery order subjects the plaintiff's action to dismissal under Fed. R. Civ. P. 37(b)(2)(A)(v).  Similarly, the plaintiff's action is subject to dismissal for failure to prosecute in accordance with NECivR 41.2:  "At any time, a case not being prosecuted with reasonable diligence may be dismissed for lack of prosecution."  The Eighth Circuit explained the court's discretion to dismiss for failure to prosecute as follows:

> The Federal Rules of Civil Procedure permit dismissal with prejudice "[f]or failure of a plaintiff to prosecute or to comply with these rules or any order of court."  Fed. R. Civ. P. 41(b). Despite the breadth of this language, however, we have recognized that dismissal with prejudice is an extreme sanction that should be used only in cases of willful disobedience of a court order or where a litigant exhibits a pattern of intentional delay.  This does not mean that the district court must find that the appellant acted in bad faith, but requires "only that he acted intentionally as opposed to accidentally or involuntarily."

**Hunt v. City of Minneapolis**, 203 F.3d 524, 527 (8th Cir. 2000) (citations omitted).  The Eighth Circuit continued, noting the district court did not err in dismissing the action with prejudice after finding the plaintiff had "engaged in a persistent pattern of intentional delay by willfully disregarding court orders and violating the Federal Rules."  **Hunt**, 203 F.3d at 527-28.  However, the Eighth Circuit has also noted "[d]ismissal with prejudice is an extreme sanction and should be used only in cases of wilful disobedience of a court order or . . . persistent failure to prosecute a complaint."  **In re Popkin & Stern**, 196 F.3d 933, 938 (8th Cir. 1999) (citations omitted); **see Siems v. City of Minneapolis**, 560 F.3d 824, 826 (8th Cir. 2009).  The court must initially consider "the egregiousness of the plaintiff's conduct" and, secondarily, "the adverse affect of the plaintiff's conduct on the defendant and on the administration of justice."  **Otis v. Knudsen**, No. 05-489, 2008 WL 4949157, at *3 (D. Minn. Nov. 17, 2008) (**quoting Wright v. Sargent**, 869 F.2d 1175, 1176 (8th Cir. 1989)).

In this case, the plaintiff has failed to comply with the court's order requiring her to provide discovery and show cause. The plaintiff's lack of responsiveness interferes with the orderly processes of this court. The plaintiff's failure has resulted in a delay in progressing this case to resolution.

**IT IS RECOMMENDED TO DISTRICT JUDGE JOSEPH F. BATAILLON that:**

The Motion for Sanctions and Expenses (Filing No. 23) be granted, in part, to dismiss the plaintiff's complaint, without prejudice, pursuant to Federal Rule of Civil Procedure 37 and NECivR 41.2. The motion is denied in all other respects subject to the condition the plaintiff must pay the attorneys' fees and costs reasonably incurred by the defendant related to discovery before the plaintiff is allowed to continue this lawsuit or pursue a new lawsuit against the defendant.

**ADMONITION**

Pursuant to NECivR 72.2 any objection to this Findings and Recommendation shall be filed with the Clerk of the Court within fourteen (14) days after being served with a copy of this Order. Failure to timely object may constitute a waiver of any objection. The brief in support of any objection shall be filed at the time of filing such objection. Failure to file a brief in support of any objection may be deemed an abandonment of the objection.

Dated this 21st day of March, 2014.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge